IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brian T. Roberts, ) | Civil Action No. 6:16-cv-00731-HMH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Carfax Inc., ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim. [Doc. 23.] Plaintiff is proceeding pro se. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff filed this action on March 8, 2016. [Doc. 1.] Liberally construing the Complaint, Plaintiff alleges Defendant violated the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 *et seq.* [*Id.*] On May 20, 2016, Defendant filed a motion to dismiss for failure to state a claim.[2] [Doc. 23.] Plaintiff filed a response in opposition on July 1, 2016. [Doc. 34.] Accordingly, the motion to dismiss is ripe for review.

---

[1] Defendant RL Polk & Company was terminated pursuant to a stipulation of dismissal filed on June 21, 2016. [Doc. 29.]

[2] The motion to dismiss for failure to state a claim was filed by both Defendants; however, as stated, Defendant RL Polk & Company was terminated on June 21, 2016. Thus, the motion remains pending with respect to Defendant Carfax Inc.

## BACKGROUND[3]

Plaintiff alleges that his automobile dealership in Greenwood, South Carolina, was forced out of business, and he was forced into bankruptcy, because of the relationship fostered and promoted by Defendant with a competing automobile dealership, Lakeside Auto Brokers LLC ("Lakeside"). [Doc. 1 ¶ 11.] Defendant provides vehicle information to consumers, automobile dealers, and others. [*Id.* ¶ 4.] Defendant promotes certain dealers who pay for its services as "Carfax Advantage Dealers" and uses a nationwide marketing campaign to instill consumer confidence in these dealers and in the vehicles these dealers promote. [*Id.* ¶¶ 4–8.] "Carfax Advantage Dealers" are marketed as more reputable dealers, selling vehicles that have been screened and are devoid of unknown accident history, odometer rollback, title problems, frame damage, flood damage, and other vehicle problems that would otherwise be unknown to consumers without the assistance of Defendant's services. [*Id.* ¶¶ 6–8.]

Defendant listed and promoted Lakeside as a "Carfax Advantage Dealer" on Defendant's website. [*Id.* ¶ 9.] Lakeside utilized the benefits of being a "Carfax Advantage Dealer" by, among other means, advertising its vehicles on Defendant's website, hanging "Carfax Advantage Dealer" banners on its fence, and using the "Carfax Advantage Dealer" logo on its own website. [*Id.*] Because of its relationship with Defendant, Lakeside enjoyed increased sales, which decreased sales of other local dealers. [*Id.* ¶ 11.]

Lakeside is owned and operated by Alfred Edward Andrews ("Andrews"). [*Id.* ¶ 12.] In January 2016, Andrews pled guilty to charges stemming from odometer fraud and selling

---

[3]This background section is a recitation of the relevant allegations contained in the Complaint at Docket Entry Number 1.

2

vehicles with fraudulent titles. [*Id.* ¶¶ 13–14.] According to Plaintiff, Andrews utilized Defendant's services to market vehicles with title issues and odometer tampering and also to solicit vehicles that had limited history with Defendant so that titles could be fraudulently obtained and the odometers could be rolled back to the last known and reported mileage from Defendant. [*Id.* ¶ 16.] Thus, Plaintiff alleges Defendant aided and abetted Andrews' crimes by filtering cars that had odometers Andrews could roll back. [*Id.*]

Plaintiff previously owned the location now owned by Andrews and lost the location due to bankruptcy. [*Id.* ¶ 18.] He alleges that Andrews' scheme to defraud would have been impossible without his partnership with Defendant and that Defendant was concerned only with the profit from sales of service to Andrews and not with the illicit use of Defendant's services. [*Id.* ¶ 19.] Plaintiff contends he has been irreparably harmed by the loss of his dealership, loss of multiple pieces of property that were paid for by the profits from the dealership, failure of a marriage due to stresses caused by the financial issues brought on by Defendant's actions, and a personal bankruptcy in which Plaintiff lost nearly everything he owned, including his home. [*Id* ¶ 17.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21.

The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the complainant's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle his to relief.  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly,

the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendant argues the Complaint should be dismissed because it fails to state a claim under the SCUTPA and fails to state any claim against Defendant. [Doc. 23.] The Court agrees.

The SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," S.C. Code Ann. § 39-5-20(a), where "trade or commerce" includes "the advertising, offering for sale, sale or distribution of any services and any property . . . and any other article, commodity or thing of value," *id.* § 39-5-10(b). To establish a violation of the SCUTPA, the plaintiff must demonstrate three elements:

> (1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest.

*Havird Oil Co. v. Marathon Oil Co., Inc.*, 149 F.3d 283, 291 (4th Cir. 1998). The South Carolina courts have explained,

> A trade practice is "unfair" when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is "deceptive" when it has a tendency to deceive. Whether a particular act or practice is unfair or deceptive within the meaning of the UTPA statute depends upon the facts surrounding the transaction and its impact on the market place.

6

*Young v. Century Lincoln-Mercury, Inc.*, 396 S.E.2d 105, 108 (S.C. Ct. App. 1989) (citations omitted), *aff'd in part, rev'd in part on other grounds*, 422 S.E.2d 103 (S.C. 1992).

> An impact on the public interest may be shown if the acts or practices have the potential for repetition. The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts.

*Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004) (citing *Crary v. Djebelli*, 496 S.E.2d 21, 23 (S.C. 1998)). Moreover, "conduct that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim." *Bessinger v. Food Lion, Inc.*, 305 F. Supp. 2d 574, 581 (D.S.C. 2003) (citing *Jefferies v. Phillips*, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994)).

Here, the Court agrees with Defendant that Plaintiff has failed to state a viable SCUTPA claim against Defendant because the Complaint includes no allegations that Defendant participated in any of the alleged unfair trade practices or that it had any knowledge of those actions. Instead, Plaintiff alleges that Andrews engaged in unfair trade practices—selling vehicles with fraudulent titles and rolling back odometers—and utilized Defendant's reports to solicit vehicles with limited history so that titles could be fraudulently obtained and odometers could be rolled back to the last known and reported mileage.[4] [Doc. 1 ¶ 16.] The Complaint further alleges that Andrews' scheme to defraud would have been impossible to execute without "his partnership with [Defendant]." [*Id.* ¶ 19.] However, the Complaint is devoid of any reference to Defendant's participation in rolling back

---

[4] Indeed, as stated, the Complaint alleges only that Defendant "aided and abetted the crimes of Alfred Edward Andrews." [Doc. 1 ¶ 16.]

odometers and selling vehicles with fraudulent titles or to Defendant's knowledge that Andrews was using its services to engage in unfair trade practices.[5] Accordingly, even accepting the Complaint's factual allegations as true, the Court concludes Plaintiff's SCUTPA claim against Defendant fails to state a claim upon which relief can be granted and should be dismissed.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss for failure to state a claim be GRANTED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

August 25, 2016
Greenville, South Carolina

---

[5]In his response in opposition to the motion to dismiss, Plaintiff argues that Defendant engaged in an unfair trade practice by promoting a dealer that was actively engaged in tampering with odometers and providing fraudulent titles; that Defendant will promote any dealer who is willing to pay Defendant; that Defendant performs no background checks or other due diligence before promoting a dealer; and that Defendant had no safeguards in place to filter dealers or ban unscrupulous dealers from its network and/or services, thereby making Defendant negligent. [Doc. 34.] However, this argument fails to establish that the Complaint alleges active participation or knowledge on the part of Defendant regarding the alleged unfair trade practices. Moreover, to the extent Plaintiff argues his Complaint states a negligence claim, such claim fails because the Complaint fails to allege the elements of a negligence claim: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." *See Crolley v. Hutchins*, 387 S.E.2d 716, 717 (S.C. Ct. App. 1989).